IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALFREDO BERNAL, | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-2615 |
| | § | |
| NATHANIEL QUARTERMAN, *et al.*, | § | |
|     *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Alfredo Bernal, a state inmate proceeding *pro se* and *in forma pauperis*, filed this lawsuit under 42 U.S.C. § 1983, complaining of violations of his civil rights by prison employees. Defendants filed a motion to dismiss for failure to exhaust (Docket Entry No. 60), to which plaintiff responded (Docket Entry No. 73).

Based on consideration of the motion, the response, the record, and the applicable law, the Court GRANTS the motion to dismiss, and dismisses this lawsuit for the reasons that follow.

*Background and Claims*

Plaintiff, a sexual assault offender, complains that he was forced to participate in the prison system's Sexual Offender Treatment Program (SOTP) in January of 2006. Under prison rules, offenders who are ordered to participate in SOTP but fail to participate in the required program activities are subject to disciplinary action, including loss of good time credits. In August of 2006, plaintiff was charged with four disciplinary violations for refusing to complete a required therapy assignment regarding his prior sexual assaults and illicit activities. Plaintiff was found guilty of the disciplinary violations and sanctioned with loss of good time credits.

Plaintiff complains that defendants forced him to participate in the SOTP program without notice and a hearing, denied him equal protection, violated his Fifth Amendment right not to testify against himself, and retaliated against him for exercising his First Amendment rights. He expressly states that he is not seeking reversal of the disciplinary convictions or reinstatement of either his good time credits or his participation in SOTP. Rather, he requests a declaratory judgment that his constitutional rights were violated, and compensatory damages for the constitutional violations and loss of his mandatory release date. He also seeks a permanent injunction prohibiting prison officials from requiring him to complete the SOTP in its present format.

Defendants argue that plaintiff failed to exhaust his administrative remedies through the prison grievance system prior to filing suit, and seek dismissal for failure to exhaust.

*Analysis*

Plaintiff reported in his original complaint filed August 9, 2006, that he failed to exhaust his administrative remedies prior to filing suit. In his response to defendants' motion to dismiss for failure to exhaust, plaintiff argues that he did not utilize the prison grievance system prior to filing this lawsuit because "it lacks authority to take any responsive action to the gravamen" of his complaints. (Docket Entry No. 73, p. 2.) He argues that he did, however, exhaust his retaliation claim prior to filing his amended complaint on November 17, 2006. *Id*.

Under 42 U.S.C. § 1997e(a), "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Plaintiff does not dispute that the Texas Department of Criminal

Justice has a formal, written procedure for the exhaustion of inmate complaints and grievances, but argues instead that exhaustion was unnecessary because his complaints could not be addressed through the grievance system. Prisoners must exhaust administrative remedies regardless of the forms of relief sought and offered through administrative procedures. *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). Accordingly, he was required to exhaust his administrative remedies prior to filing this suit. As plaintiff admits he did not exhaust his remedies prior to filing this lawsuit, his claims must be dismissed without prejudice. Further, the documents submitted by the parties in the motion and response fail to show that plaintiff exhausted his administrative remedies regarding his retaliation claim prior to filing this lawsuit. *See* Rule 15(c)(2), FED. RULES CIV. P.

*Conclusion*

Accordingly, the motion to dismiss for failure to exhaust (Docket Entry No. 60) is GRANTED and this lawsuit is DISMISSED without prejudice. Any and all other pending motions are DENIED AS MOOT.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas on September 30, 2008.

_____
Gray H. Miller
United States District Judge